### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Berl McKinnie (#2014-0917248), ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 18 C 0471 |
| v. ) | |
| ) | Judge John Z. Lee |
| Nurse Assistance Taylor, Nurse Wright, ) | |
| and Nurse Leono, ) | |
| ) | |
| Defendants. ) | |

### ORDER

      Plaintiff may proceed as to his harassment claim under 42 U.S.C. § 1983. Plaintiff's First Amendment retaliation and failure-to-protect claims are dismissed without prejudice. In addition, Plaintiff's motion [4] for attorney representation is denied without prejudice to later renewal. Plaintiff's application for leave to proceed *in forma pauperis* [3] is granted. The initial partial filing fee is waived. The Court orders the trust fund officer at Plaintiff's place of incarceration to make monthly deductions in accordance with this order. The Clerk of Court is directed to electronically send a copy of this order to the Supervisor of the Inmate Trust Fund Accounts at the Cook County Jail. The Clerk of Court is directed to: (1) file Plaintiff's complaint [1]; (2) issue summonses for service of the complaint on Defendants; and (3) mail Plaintiff a copy of this order, as well as three blank USM-285 (Marshals service) forms. The U.S. Marshal is appointed to serve Defendants but will not attempt service until Plaintiff returns completed USM-285 service forms. Plaintiff must return the completed USM-285 forms to the Clerk of Court by May 4, 2018. His failure to do so may result in the dismissal of this case for lack of prosecution. An initial status hearing is set for May 30, 2018, at 9:00 a.m.

### STATEMENT

      Plaintiff Berl McKinnie, an inmate at Cook County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his rights under the First, Eighth, and Fourteenth Amendments. Before the Court are Plaintiff's application for leave to proceed *in forma pauperis*, complaint for initial review under 28 U.S.C. § 1915A, and motion for attorney representation.

      Plaintiff's application for leave to proceed *in forma pauperis* demonstrates he cannot prepay the filing fee and is thus granted. The account statement submitted with Plaintiff's *in forma pauperis* application shows that he neither has the funds nor the means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). Because 28 U.S.C. § 1915(b)(4) mandates that a prisoner not be prohibited from bringing suit merely because of his inability to pay the fee, the initial partial filing fee is waived. The Court, however, orders Plaintiff to pay (and the

facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money Plaintiff receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(1), (2). The Court directs the Clerk of Court to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this case.

When a *pro se* prisoner files a civil action seeking redress from a governmental entity or officer or employee of a governmental entity, the Court is required to conduct an initial review of the complaint to determine whether the claims are frivolous or malicious, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims under the same standard that is used to review Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

I.      **Harassment Claim**

Plaintiff alleges that Defendant Taylor, a Nurse Assistant at Cook County Jail, engaged in cruel and unusual punishment by taunting him with comments about his sexual orientation and that he had raped a baby. Verbal harassment by jail or prison guards may rise to the level of cruel and unusual punishment where guards' comments could reasonably place an inmate at risk of harm from other inmates and cause psychological harm from fear. *See Beal v. Foster*, 803 F.3d 356, 357–58 (7th Cir. 2015); *Hughes v. Farris*, 809 F.3d 330, 334 (7th Cir. 2015). In *Beal*, the Seventh Circuit reversed the district court's dismissal of an inmate's claim which alleged that a guard had made taunts about the inmate's sexual orientation, implying that the plaintiff would enjoy putting his penis in another inmate's mouth. 803 F.3d at 357–58. The plaintiff had alleged that this was done in front of other inmates, leading to them calling him "punk, fag, sissy, and queer" and leading him to fear for his safety, including sexual assaults. *Id.* In *Hughes*, the court vacated dismissal of a claim alleging similar facts. 809 F.3d at 334.

Here, Plaintiff alleges facts substantially similar to those in *Beal* and *Hughes*. He alleges that, for approximately one year beginning in 2016, Taylor verbally harassed him by calling him, for example, "gay," a "baby raper," a "one leg fag," "sissy," and "my queer sister." Compl. at 11, ECF No. 1. Other inmates heard the comments and asked Plaintiff if he is gay and "in for rape." *Id.* at 13. Plaintiff alleges that Taylor's conduct put him at substantial risk of physical harm because he has been threatened by other inmates. *Id.* at 12. Plaintiff talked to Nurse Wright and Nurse Leono (who Plaintiff says are Taylor's supervisors) about Taylor's conduct, but they did nothing to address the conduct. *Id.* at 11–12. Reasonably construing Plaintiff's complaint, he alleges that Leono and Wright were complicit in Taylor's conduct. *Id.* Plaintiff's allegations are sufficient to state a constitutional harassment claim[1] as to Taylor, Wright, and Leono.

## II. Failure-to-Protect Claim

Plaintiff also brings a failure-to-protect claim. To state such a claim, an inmate must, at minimum, allege having been assaulted. *See Jones v. Butler*, 663 F.App'x 468, 470 (7th Cir. 2016) (quoting *Babcock v. White*, 102 F.3d 267, 272 (7th Cir. 1996)) ("[I]t is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a [failure-to-protect] claim."). Here, Plaintiff alleges no actual assault—only that he feared assault—as a result of Taylor's alleged remarks. This is insufficient to state a failure-to-protect claim.

## III. First Amendment Retaliation Claim

Next, Plaintiff brings a First Amendment retaliation claim under section 1983. To state a claim, a plaintiff must plausibly allege that: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Insubordinate or unnecessarily confrontational speech by an inmate to jail staff is not protected by the First Amendment because it is inconsistent with a jail's legitimate penological interest in discipline and order. *See Cobian v. McLaughlin*, No. 16-3141, 2017 WL 5565239, at *6 (7th Cir. 2017); *Kervin v. Barnes*, 787 F.3d 833, 835 (7th Cir. 2015); *Watkins v. Kasper*, 599 F.3d 791, 797–99 (7th Cir. 2010).

Here, Plaintiff claims that Taylor taunted him because Plaintiff told her that he "don't like big women." Compl. at 12. And, according to Plaintiff, Taylor is a "big woman." *Id.*

---

[1] If McKinnie were a convicted prisoner, this claim would be cognizable under the Eighth Amendment, *see Beal*, 803 F.3d at 357–58, while if he were a pretrial detainee, it would fall under the due process clause of the Fourteenth Amendment. *See Board v. Farnham*, 394 F.3d 469, 477 (7th Cir. 2005). McKinnie does not provide facts as to which category he belongs but, in any event, "pretrial detainees are entitled to *at least* as much protection as the constitution provides convicted prisoners," *Farnham*, 394 F.3d at 477 (emphasis in original).

Plaintiff does not allege any facts to suggest that he made this comment to Taylor for any other purpose than to demean her and, thus, that his speech is protected by the First amendment. As such, he fails to state a First Amendment retaliation claim.

For these reasons, Plaintiff may proceed as to his harassment claim under 42 U.S.C. § 1983. Plaintiff's First Amendment retaliation and failure-to-protect claims are dismissed without prejudice.

### IV. Motion for Attorney Representation

Plaintiff has also filed a motion for attorney representation. In deciding whether to recruit counsel, the Court must engage in a two-step analysis to determine whether: (1) the plaintiff has made a reasonable attempt to obtain counsel on his own behalf or been effectively precluded from doing so; and, if so, (2) given the factual and legal complexity of the case, the particular plaintiff appears competent to litigate the matter himself. *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007) (en banc).

Attorney representation for Plaintiff is unnecessary at this time. This case is in its early stages, and no discovery is yet being conducted. *See Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010) (stating that representation by an attorney is often unnecessary at the early stages of a case as it is too early to make an accurate determination about the complexity of a case). At the initial status hearing, the parties can discuss the discovery that is needed. Plaintiff may then have a better sense as to whether an attorney is needed, and if necessary, submit a request for attorney representation at that time or at a later stage in this case.

Date: 4/4/18                                     /s/John Z. Lee